a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARLOS DEVON LEWIS-BEY #44562-083, Plaintiff | CIVIL DOCKET NO. 1:24-CV-00651 SEC P |
| VERSUS | JUDGE DRELL |
| J W COX, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Carlos Devon Lewis-Bey ("Lewis-Bey"). Lewis-Bey is a prisoner at the United States Penitentiary in Pollock, Louisiana. He challenges his conviction and the legality of his imprisonment.

Because Lewis-Bey's collateral attack is premature, the Petition should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I. Background

Lewis-Bey was sentenced to 300 months of imprisonment for three armed bank robberies after the district court concluded that he qualified as a career offender. Lewis-Bey waived his right to counsel after several hearings conducted pursuant to *Faretta v. California*, 422 U.S. 806 (1975). *See United States v. Lewis*, 22-10017, 2024 WL 3594374 (9th Cir. July 31, 2024). He later appealed, arguing that the *Faretta* hearings were deficient; the district court erroneously determined he was a

1

career offender under U.S.S.G. § 4B1.1; and the district court imposed an unconstitutional condition of supervised release, which delegated judicial power to a nonjudicial actor. *Id.*

Lewis-Bey's § 2241 Petition was filed while the criminal appeal was pending in the United States Court of Appeals for the Ninth Circuit. That court recently concluded that Lewis's waiver of his Sixth Amendment right to counsel was knowingly made after many robust *Faretta* hearings. However, the Ninth Circuit also found that the trial court erred in concluding that Lewis-Bey qualified as a career offender under § 4B1.1. The case was remanded for resentencing, which has not yet been scheduled. *Lewis*, 2:20-CR-00045 (D. Az.), ECF No. 200.

Lewis-Bey's § 2241 Petition asserts that his detention is unlawful because (1) it violates the "Treaty of Peace and Friendship of 1787 and 1836" between the United States and the Moroccan Empire; (2) as a Moorish-American, the district court lacked jurisdiction over Lewis-Bey; (3) the court failed to give "fair notice" to establish the "character of the court"; and (4) his conviction violates his rights as a Moorish-American. ECF No. 1 at 6-7.

II. <u>Law and Analysis</u>

A motion to vacate filed under 28 U.S.C. § 2255 is the primary means of collaterally attacking a conviction and sentence. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005). A § 2241 petition is only appropriate for collateral attack if the claims fall within the "savings clause" of § 2255(e):

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall

> not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

Additionally, "a criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988); *Canales v. United States*, 2007 WL 646189 at * 1 (N.D. Tex. Feb. 28, 2007) (a defendant may not seek post-conviction relief while his direct appeal is pending); *United States v. Norwood*, 2006 WL 3350207, at *1 (N.D. Tex. Nov. 15, 2006) (dismissing the § 2255 motion as "premature" where the direct appeal was pending); *Risby v. Wendt*, 2004 WL 828067 at *5 (N.D. Tex. Apr. 15, 2004) (construing application for writ of habeas corpus as a § 2255 motion and dismissing the case without prejudice because the underlying criminal conviction was on appeal), *report and recommendation adopted*, 2004 WL 937013 (N.D. Tex. Apr. 29, 2004).

Lewis-Bey's case was recently remanded for resentencing. No final judgment has been entered. Consequently, any request for collateral relief is premature. *See Heon Jong Yoo v. United States*, 6:18-CV-655, 2019 WL 2181939, at *1 (E.D. Tex. Apr. 1, 2019), *report and recommendation adopted sub nom. Heong Jong Yoo v. United States*, 2019 WL 2173427 (E.D. Tex. May 17, 2019) (citing *Fassler v. State*, 858 F.2d 1016, 1019 (5th Cir. 1988) (criminal defendant may not collaterally attack his sentence until it has been affirmed on direct appeal); *United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011) (same)).

In short, Lewis-Bey has failed to show that § 2255 would be inadequate or ineffective to challenge his conviction. Therefore, the instant petition for writ of habeas corpus must be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).[1]

### III. Conclusion

Because Lewis-Bey's attack of his conviction is premature, IT IS RECOMMENDED that the Petition be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

---

[1] Like the claims of being a "sovereign citizen" are wholly without merit, Lewis-Bey's, claims of being a descendant of the Moorish Empire and not a United States citizen are equally without merit. *See United States v. Coleman*, 832 F. App'x 876, 881 n.1 (5th Cir. 2020) (citing *United States v. Mesquiti*, 854 F.3d 267, 270-71 (5th Cir. 2017)).

SIGNED on Tuesday, November 5, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5